# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-po-00090-SAB-1 |
| Plaintiff, | ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS PROBATION VIOLATION PETITION |
| v. | |
| KYLE W. PIMENTEL, | ORDER VACATING FEBRUARY 16, 2023 HEARING |
| Defendant. | (ECF Nos. 65, 66, 67) |

## I.

## INTRODUCTION

Currently before the Court is Defendant Kyle W. Pimentel's motion to dismiss a probation violation petition, filed pursuant to Federal Rule of Criminal Procedure 12(b)(2) on January 20, 2023.  (Def.'s Mot. Dismiss ("Mot."), ECF No. 66.)  For the reasons explained herein, Defendant's unopposed motion shall be granted.

## II.

## BACKGROUND

On April 30, 2019, Defendant made his initial appearance on a citation for disorderly conduct in violation of 38 C.F.R. § 1.218(b)(11).  (ECF Nos. 1, 5.)[1]  On December 12, 2019,

---

[1]  As Defendant correctly notes, although the citation charges Defendant with a violation of 38 C.F.R. § 1.218(b)(11), this subsection is the penalty provision of the regulation.

1  Defendant pled guilty to the charge and the Court sentenced him to 12 months of probation, to

2  expire on December 11, 2020.  (ECF No. 18.)  Amongst other conditions, the Court ordered

3  Defendant to: (1) pay a financial obligation of $320 (comprised of a fine of $280,[2] a special

4  assessment of $10, and a $30 processing fee), which was due in monthly installments of $32; (2)

5  report to the U.S. Marshal Service for processing; and (3) appear for a probation review hearing

6  on October 15, 2020.  (Id.)

7

8  [2]  Defendant proffers in a footnote that: "Interestingly, this was an illegal sentence, as the maximum fine for a

9  violation of 38 C.F.R. § 1.218(b)(11) is $250." (Mot. 4 n.4.)  Defendant is correct that subsection (b)(11) provides for a $250 fine.  See 38 C.F.R. § 1.218(b)(11).  However, while not an issue in the current motion, the Court notes

10  its disagreement with Defendant's statement that the Court imposed an illegal sentence.  18 U.S.C. § 3571 provides for a "[s]pecial rule for lower fine specified in substantive provision," and states that [i]f a law setting forth an offense specifies no fine or a fine that is lower than the fine otherwise applicable under this section and such law, **by**

11  **specific reference**, exempts the offense from the applicability of the fine otherwise applicable under this section, the defendant may not be fined more than the amount specified in the law setting forth the offense."  18 U.S.C. §

12  3571(e) (emphasis added).  18 U.S.C. § 3571 further provides that "[e]xcept as provided in subsection (e) of this section, an individual who has been found guilty of an offense may be fined not more than the greatest of--**(1)** the

13  amount specified in the law setting forth the offense; [or] . . . **(6)** for a Class B or C misdemeanor that does not result in death, not more than $5,000."  18 U.S.C. § 3571(b)(1), (b)(6); see also 18 U.S.C. § 3559(a)(7) ("An offense that is

14  not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is- . . .  six months or less but more than thirty days, as a Class B misdemeanor."); United

15  States v. Christensen, No. 3:14-CR-00272-SI, 2015 WL 920581, at *1 (D. Or. Mar. 3, 2015) ("Disorderly Conduct Creating a Disturbance under this provision is a Class B Misdemeanor.").  Accordingly, because 38 C.F.R. § 1.218

16  does not make specific reference to 18 U.S.C. § 3571, the Court does not find a basis to Defendant's allegation that the sentence was illegal because the fine exceeded the stated fine amount in 38 C.F.R. § 1.218(b)(11).  See United

17  States v. Looney, 152 F. App'x 849, 859 (11th Cir. 2005) ("Thus, a lower fine limit in the statute setting forth the offense of conviction does not preclude the district court from imposing a higher fine under the general fine statute

18  unless the statute setting forth the offense of conviction specifically says so."); United States v. Hobbs, 983 F.2d 1058 n.1 (4th Cir. 1993) ("Section 3571(e) is not applicable here because 40 U.S.C. § 318c does not exclude the

19  applicability of § 3571 by specific reference."); United States v. Eisenberg, 496 F. Supp. 2d 578, 580 (E.D. Pa. 2007) ("None of the statutes under which Eisenberg was convicted invoked § 3571(e)'s 'special rule,' specifically

20  exempting itself from the higher maximum fines provided for in the alternate fine statute."); United States v. Stanley, No. 15-00271-01-CR-W-HFS, 2016 WL 1417883, at *3 (W.D. Mo. Feb. 2, 2016) ("While 26 U.S.C. §

21  7201 and 26 U.S.C. § 7212 each set forth potential fines for violations of those statues, neither section 7201 nor 7212 purports to override the alternative fine provision of section 3571."); United States v. Lov-It Creamery, Inc.,

22  895 F.2d 410, 412 (7th Cir. 1990) ("It may be that the reference to all 'general penal statutes' is as 'specific' as could be demanded of a law enacted 39 years before § 3571.  Now and again the Court finds that general references

23  satisfy statutes calling for express reference."); 38 C.F.R. § 1.218(b)("Whomever shall be found guilty of violating these rules and regulations while on any property under the charge and control of VA is subject to a fine as stated in

24  the schedule set forth herein or, if appropriate, the payment of fixed sum in lieu of appearance (forfeiture of collateral) as may be provided for in rules of the United States District Court.  Violations included in the schedule of

25  offenses and penalties may also subject an offender to a term of imprisonment of not more than six months, as may be determined appropriate by a magistrate or judge of the United States District Court:").  Of course, the Court's

26  ability to set a fine amount is also guided by factors such as a defendant's financial ability to pay.  See 18 U.S.C. § 3572(a)(1)-(2) ("In determining whether to impose a fine, and the amount, time for payment, and method of

27  payment of a fine, the court shall consider, in addition to the factors set forth in section 3553(a)-- **(1)** the defendant's income, earning capacity, and financial resources; **(2)** the burden that the fine will impose upon the defendant, any

28  person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose.").

Following his sentencing hearing, Defendant reported to the U.S. Marshal Service for processing as ordered.  (See ECF No. 24, amended status report in which the Government agreed that Defendant complied with the condition of probation requiring him to report to the U.S. Marshal Service for processing).  Defendant failed to comply with the payment schedule the Court established and made only two payments toward his financial obligation in 2020, totaling $96.  (See Mot. 4, Ex. A, ECF No. 66-1 at 2.)  Defendant also failed to appear for the October 15, 2020 probation review hearing.  (ECF No. 26.)  Accordingly, the Court referred the matter to the Probation Office and on October 27, 2020, the Court issued a warrant on a Petition for Violation of Probation (the "First Petition").  (ECF No. 27.)  The First Petition alleged two violations: (1) that Defendant failed to make monthly payments toward his financial obligation, although the Probation Office acknowledged he made one monthly payment on January 14, 2020[3]; and (2) that Defendant had failed to appear at his probation review hearing on October 15, 2020.  (Id.)

On January 26, 2021, Defendant made an initial appearance on the First Petition and entered denials to the charges.  The following day, January 27, 2021, Defendant paid the remaining balance of his financial obligation ($224), plus delinquent and default charges assessed by the Central Violations Bureau (totaling $54.90).  (Mot. 4, Ex. A at 1-2; ECF No. 33.)  On March 18, 2021, Defendant entered admissions to both violations alleged in the First Petition.  (ECF No. 34.)  Following his admissions, the Court revoked Defendant's probation and imposed a second term of probation to expire on March 18, 2022.  (ECF No. 35.)  As a condition of probation, the Court ordered Defendant to pay any outstanding balance of the originally imposed $320 financial obligation.  (ECF No. 35.)[4]  The Court also imposed a condition of probation requiring Defendant to perform 40 hours of community service.  (Id.)  Defendant notes that the

---

[3]  Defendant highlights that the Probation Office was incorrect that Defendant had only made a single $32 payment toward his financial obligation, and the date of the payment as shown on CVB records shows the payment was made January 15, 2020, rather than January 14, 2020.  (See Mot. 4, Ex. A at 2.)

[4]  Defendant notes in the motion that at the hearing, there was confusion as to how much Defendant had already paid, with the government believing he had only paid a total of $278.90, while Defense Counsel made no representation as to how much he paid.  (Mot. 5 n.3.)  The Court notes that Defendant cites to an Exhibit B, proffered to be a transcript of the hearing, however, no such exhibit was attached to Defendant's motion.

Court did not expressly impose a specific deadline by which Defendant was to complete his community service hours.  (Mot. 4; ECF No. 35 at 2.)  The Court also ordered as a condition of probation that Defendant appear for a probation review hearing on January 20, 2022.  (Id.)

On January 14, 2022, Defense Counsel filed a probation status report, asserting Defendant had paid his total financial obligation and had not committed any new law violations.  (ECF No. 36.)  The status report did not make any express representation regarding Defendant's completion of his community service hours.  (Id.)  In the same report, the Government asserted Defendant had not complied with his conditions insofar as it did not appear that he had completed his community service hours.  (Id.)

On January 20, 2022, Mr. Pimentel appeared for a probation review hearing as ordered.  (ECF No. 37.)   At the hearing, the Court referred the matter to the Probation Office for determination as to whether a violation had occurred.  On February 7, 2022, the Probation Office filed a second Petition for Violation of Probation (the "Second Petition"), which alleged that Defendant failed to pay his financial obligation even though as Defendant had, in fact, paid.  (ECF No. 39.)   The Probation Office erroneously alleged that while "a payment of $32 was received on 1/15/2020" there was "an outstanding balance of $288."  (Id.)  The Probation Office also erroneously alleged that Defendant had failed to report to the U.S. Marshal Service for processing, despite the fact that he had, in fact, reported as ordered on December 12, 2019, as part of his first term of probation and despite the fact that the Court had not ordered that Defendant re-report to the U.S. Marshal Service for processing as a condition of his second term of probation.  (Id.)  The Second Petition did not contain information pertaining to the community service.  Following the filing of the Second Petition, Defense Counsel filed a notice showing that Defendant had completed 44.5 hours of community service at Poverello House between January 8, 2022, and January 30, 2022.  (ECF No. 41.)

On February 17, 2022, Defendant made an initial appearance on the Second Petition and entered a denial as to each charge.  (ECF No. 42.)  The Court set a status conference regarding the Second Petition for April 28, 2022.  (Id.)   On April 28, 2022, the Court held the status conference as scheduled but Defendant did not appear.  (ECF No. 44.)  On May 4, 2022, the

Probation Office filed a supplemental Petition for Violation of Probation (the "Supplemental Second Petition"), in which the Probation Office alleged again that Defendant had failed to pay his financial obligation apart from a payment of $32, leaving an outstanding amount of $288 (Charge 1), and further alleged that Mr. Pimentel had failed to appear for the April 28, 2022 status conference (Charge 2).  (ECF No. 47.)  The Supplemental Second Petition makes no mention of the allegation that Defendant failed to report to the U.S. Marshal Service for processing.

On or about May 17, 2022, Defendant contacted the Court and placed himself back on calendar.  (ECF No. 49.)  Defendant made his initial appearance on the Supplemental Second Petition on May 19, 2022, at which time he entered denials as to the two charges.  (ECF No. 51.)

Thereafter, status conferences were continued twice pursuant to the stipulation of the parties.  (ECF Nos. 54, 57.)  On November 15, 2022, the Court vacated the status conference and set a motion hearing date of January 19, 2023, and a briefing schedule for Defendant's motion.  (ECF No. 60.)  On December 9, 2022, the Court continued the hearing date until February 16, 2023, and extended the briefing schedule.  (ECF No. 63.)

On January 19, 2023, Defendant filed a motion to dismiss, however, the following day on January 20, 2023, Defendant filed an amended version of the same motion.  (ECF Nos. 65, 66.)  On February 2, 2023, the Government filed a statement of non-opposition to the Defendant's motion to dismiss.  (ECF No. 67.)

**III.**

**LEGAL STANDARD**

"A motion that the court lacks jurisdiction may be made at any time while the case is pending."  Fed. R. Crim. P. 12(b)(2).

18 U.S.C. § 3564 governs the commencement, extension, and revocation of terms of probation:

> **(a) Commencement.**--A term of probation commences on the day that the sentence of probation is imposed, unless otherwise ordered by the court.
>
> **(b) Concurrence with other sentences.**--Multiple terms of

probation, whether imposed at the same time or at different times, run concurrently with each other. A term of probation runs concurrently with any Federal, State, or local term of probation, supervised release, or parole for another offense to which the defendant is subject or becomes subject during the term of probation. A term of probation does not run while the defendant is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than thirty consecutive days.

**(c) Early termination.**--The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

**(d) Extension.**--The court may, after a hearing, extend a term of probation, if less than the maximum authorized term was previously imposed, at any time prior to the expiration or termination of the term of probation, pursuant to the provisions applicable to the initial setting of the term of probation.

**(e) Subject to revocation.**--A sentence of probation remains conditional and subject to revocation until its expiration or termination.

18 U.S.C. § 3564.

A district court may sentence a defendant to probation pursuant to 18 U.S.C. § 3561. Under 18 U.S.C. § 3565(c), the Court retains power to revoke probation and impose another sentence after a probationary period ends only if a warrant or summons, based on sworn allegation of a violation of probation, is issued before the end of the probationary period. See United States v. Pocklington, 792 F.3d 1036, 1039 (9th Cir. 2015) ("Pocklington").  The statute provides:

**(c) Delayed revocation.**--The power of the court to revoke a sentence of probation for violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. § 3565(c).

///

6

**IV.**

**DISCUSSION**

The Government has submitted a statement of non-opposition to Defendant's motion to dismiss, indicating that "[w]hile the United States does not agree with all of Defendant's arguments, the Government does not oppose Defendant's request that the Petitions be dismissed." (ECF No. 67.)

Defendant argues the Court should dismiss Charge 1 of the Supplemental Second Petition, which alleges Defendant failed to pay his financial obligation, because the Central Violations Bureau's records and the docket in this case prove that Charge 1 is baseless.

The Government's statement of non-opposition indicates that the "fine does appear to have been made in full by the tie of the filing of the Petitions." (ECF No. 67.)  In addition to the Government's confirmation and non-opposition, the Court's review of the record in this case, as summarized above, confirms Defendant's proffer that the financial obligation was paid in full and that Charge 1 is not supported by the factual record.

Second, Defendant argues the Court should dismiss Charge 2 of the Supplemental Second Petition, which alleges Defendant violated a condition of probation when he failed to appear for an April 28, 2022 status conference, because the Court lacks jurisdiction to adjudicate this charge given that the alleged conduct occurred after Defendant's probation expired, appearance at the status conference was not a condition of probation, and the Court did not issue a warrant in connection with this charge until after probation expired.  Defendant further argues that to the extent Charge 2 of the Second Petition—alleging that Mr. Pimentel failed to report to the U.S. Marshal Service for processing—remains pending, the charge is without merit both because Defendant reported as instructed and because the Court lacks jurisdiction to revoke Defendant's current term of probation on the basis of an alleged violation of a prior term of probation.

The Government's statement of non-opposition indicates that "Defendant does appear to have been processed by the United States Marshals Service prior to the time of the filing of the Petitions," and that "the April 28, 2022 failure to appear does not appear to have been a

probation violation 'arising before [the] expiration [of Defendant's probation term.]' " (ECF No. 67 at 1, quoting 18 U.S.C. § 3565(c).) In addition to the Government's confirmation and non-opposition, the Court's review of the record, as summarized above, confirms that Defendant was processed by the Marshals Service prior to the filing of the Petitions, and that the April 28, 2022 failure to appear does not appear to have been a probation violation arising before the expiration of Defendant's probation term.

Therefore, based on the Defendant's motion, the Court's record, the applicable law, and the Government's non-opposition to dismissal, the Court shall grant the Defendant's motion to dismiss Charge 1 and Charge 2 contained in the Supplemental Second Petition.

## V.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.      Defendant's motion to dismiss (ECF No. 66), is GRANTED;

2.      The supplemental petition for violation of probation filed on May 4, 2022, (ECF No. 47), is DISMISSED; and

3.      The hearing on Defendant's motion set for February 16, 2023, (ECF Nos. 63, 66), is VACATED, and Defendant shall not be required to appear.

IT IS SO ORDERED.

Dated:   **February 8, 2023**

UNITED STATES MAGISTRATE JUDGE